Argued and submitted March 15, 1982, convictions affirmed, sentence vacated
and remanded February 16, reconsideration denied April 1,
petition for review allowed May 3, 1983 (294 Or 792)
See 296 Or 85, 672 P2d 1182 (1983)

# STATE OF OREGON,
*Respondent,*

*v.*

# HOWARD CLIFTON SPARKLIN,
*Appellant.*

(C80-12-34330; CA A21337)

658 P2d 571

John Daugirda, Depury Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, Thornton, Senior Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

Van Hoomissen, J., dissenting in part; concurring in part.

## RICHARDSON, P. J.

Defendant appeals his convictions for manslaughter in the first degree, felony murder and robbery in the first degree. He contends that his confessions were "inadmissible because they were the result of police initiated interrogation made after defendant had requested counsel at his arraignment." He also contends that the court erred in overruling his demurrer to the felony murder indictment and that the 25-year minimum sentence was unconstitutional.

■ The facts relevant to the interrogations may be briefly summarized. Defendant was arrested in Eugene for forgery. He was questioned by Eugene police officers regarding the forgery charge and lodged in jail. He was arraigned the following day and requested appointed counsel. Later that day the Portland Police Bureau was informed of defendant's arrest. A Portland police detective went to Eugene to interview him as a suspect in a homicide that had occurred in Portland but was not related to the forgery charge. The trial court found that the Portland detective accurately advised defendant of his rights and that defendant knowingly and intelligently waived them. Defendant then gave the Portland detective a series of incriminating statements that is the subject of the motion to suppress.

Defendant argues, citing *Edwards v. Arizona,* 451 US 477, 101 S Ct 1880, 68 L Ed 2d 378 (1981), that after defendant had requested appointed counsel at arraignment the police could not initiate any interrogation of him. The same argument was advanced by the defendant in *State v. Jackson,* 60 Or App 681, 655 P2d 592 (1982), where we held that the challenged statements were admissible. The same rationale applies here.

The dissent suggests that this case is indistinguishable from *State v. Taylor,* 56 Or App 703, 643 P2d 379 (1982), involving a co-arrestee. As noted in *State v. Jackson, supra,* in *Taylor* the defendant had specifically requested the assistance of counsel during interrogation. No such claim is made by defendant here.

■ Defendant demurred to the felony murder indictment on the ground that ORS 163.115(1)(b), the felony,

murder statute, is unconstitutional. He notes that to establish intentional murder the state must prove that the accused intentionally killed the victim, while felony murder may be proved by showing that the accused had mental culpability for the underlying felony and caused the homicide during the felony. Because, defendant argues, the penalty is the same whether defendant is convicted of felony murder or intentional murder, the lesser culpability for felony murder makes the punishment disproportionate. Defendant's argument proceeds on the premise that felony murder involves less moral or social culpability than intentional murder. The implied malice in the felony murder concept has been recognized in the common law and now legislatively to be an appropriate method of establishing the culpable mental state for intentional homicide. The legislative view reflected in the felony murder statute is that there is no meaningful distinction in the gravity of a homicide committed intentionally and one committed during the course of one of the specified felonies. The punishment set forth reflects a legislative determination that the culpable mental state established by proving the culpable commission of a felony resulting in a homicide justifies that level of punishment. We do not agree with defendant's basic premise that there is such a disparity in culpability between felony murder and intentional murder that the state or federal constitutions require different levels of punishment. The court did not err in overruling the demurrer.

■ In the final assignment defendant contends that the court erred in imposing a minimum sentence of 25 years on the felony murder conviction. We agree. *State v. Shumway,* 291 Or 153, 630 P2d 796 (1981).

Convictions affirmed; sentence for felony murder charge vacated and remanded for resentencing.

**VAN HOOMISSEN, J.,** dissenting in part; concurring in part.

I would have allowed defendant's motion to suppress. I dissent for the reasons stated in my dissenting opinion in *State v. Jackson,* 60 Or App 681, 655 P2d 592 (1982). Additionally, I have difficulty distinguishing this case factually from that of defendant's co-arrestee, *see*

*State v. Taylor,* 56 Or App 703, 643 P2d 379 (1982), in which we held that it was reversible error to deny the defendant's motion to suppress.

I concur with the majority's disposition of defendant's other assignments of error.